No. 30,621.

THE UNITED ARTISTS CORPORATION, *Appellant,* v. R. E. MILLS, *Appellee.*

(11 P. 2d 1025.)

Opinion filed June 4, 1932.

*J. W. Dalton,* of Sedan, for the appellant.

*Harold McGugin,* of Coffeyville, *W. L. Cunningham, D. Arthur Walker, Fred G. Leach* and *Wm. E. Cunningham,* all of Arkansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a distributor of photoplay prints, or films, against an exhibitor, for breach of contract to accept and exhibit photoplays. A demurrer to the petition was sustained, and plaintiff appeals.

The petition was in nine counts, each count relating to a single photoplay. The first count, which was representative, alleged that plaintiff granted a license to defendant to exhibit a photoplay entitled "Devil Dancer"—sex not disclosed—at defendant's theater, and defendant agreed to accept the license and exhibit the photoplay; that the prints of the photoplay were delivered to defendant—

which under the contract meant delivered to a carrier for defendant; and that defendant "failed, neglected and refused to accept said prints, exhibit said photoplay, or pay the agreed license fee therefor." The demurrer was a general demurrer. When it was sustained, plaintiff declined to amend, and judgment was rendered against plaintiff for costs.

The contract was in writing, and a copy of it was attached to and made a part of the petition. The contract was an elaborate affair, governed continuing relations between distributor and exhibitor, and was the standard form of contract adopted by a combination of distributors. The eighteenth paragraph of the contract contained a provision for arbitration, which was held to be void as in restraint of trade, by the supreme court of the United States, in the case of *Paramount Famous Corp. v. U. S.*, 282 U. S. 30. Plaintiff contends defendant is not a party to any unlawful combination, the paragraph in the contract is severable, and the lawful provisions of the contract may be enforced.

Conceding that plaintiff's contention is true, the contract contains a provision which violates the law of this state. The fifteenth paragraph of the contract is as follows:

"15th. The exhibitor warrants and agrees that during the period each of the photoplays herein provided for shall be exhibited in said theater, the exhibitor will charge for admission to said theater an actual admission fee which shall not be less than ten cents, unless a greater minimum charge is herein elsewhere specified, for each exhibition, and that such photoplays shall not be exhibited unless such admission fee is charged."

This provision plainly violates the inhibition against price fixing contained in the fifth subdivision of R. S. 50-101, relating to combinations in restraint of trade. The combination is between plaintiff and defendant. To create it, as was done by both plaintiff and defendant, or to carry it out, as was done by plaintiff but not by defendant, subjected the guilty party to fine and imprisonment. (R. S. 50-106.) Defendant could withdraw at any time before he performed, without liability to plaintiff.

The law has yet another hold on plaintiff. The petition did not plead approval of the photoplays by the Kansas board of review. The motion picture censorship statute contains the following provision:

"It shall be unlawful for any person to sell, lease, lend, exhibit or use any motion picture film, or reel, in Kansas unless the said film, or reel, has been submitted by the exchange owner or lessee of the film, or reel, and duly ap-

proved by the Kansas board of review, hereinafter in this act called the board." (R. S. 51-102.)

Violation of the statute subjects the offender to criminal punishment. The result is, plaintiff could not lawfully lease the films to defendant for exhibition until they were approved by the board of review. Approval of the board of review was a condition precedent to existence of a lawful contract. The statute is a police regulation, enacted in the interest of morality and decency, and in order to gain a standing in court it was necessary for plaintiff to exhibit a contract the court could recognize.

Plaintiff makes no reply to defendant's brief calling attention to the two defects in the petition just discussed. The court regards them as sufficient to warrant the sustaining of the demurrer.

The judgment of the district court is affirmed.